NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HENSTOOTH RANCH, LLC, | No. 18-15167 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00006-SI |
| v. | |
| THE BURLINGTON INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted May 16, 2019**
San Francisco, California

Before: McKEOWN and GOULD, Circuit Judges, and LASNIK,*** District Judge.

Sonoma Land Trust ("SLT") sued Henstooth Ranch, LLC ("Henstooth") in

California state court alleging that Henstooth's landscaping activities violated

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

SLT's conservation easement. Henstooth sued The Burlington Insurance Company ("Burlington") seeking a judgment that Burlington owed Henstooth a duty to defend Henstooth from this suit under Henstooth's insurance policy with Burlington. The district court granted summary judgment to Burlington and denied Henstooth's motion for summary judgment. We review the district court's grant of Burlington's summary judgment motion, its denial of Henstooth's summary judgment motion, and its interpretation of Henstooth's insurance policy under California law *de novo*. *Westport Ins. Corp. v. Cal. Cas. Mgmt. Co.*, 916 F.3d 769, 773 (9th Cir. 2019). We affirm.

The district court correctly held that Henstooth's insurance policy with Burlington did not extend to coverage for intentional acts. The policy covers property damage caused by an "occurrence," which is defined as "an accident." If Henstooth had shown that one of the claims in SLT's suit was potentially based on its accidental conduct, that would have required Burlington to defend Henstooth from the entire suit. *See Fire Ins. Exch. v. Superior Court*, 104 Cal. Rptr. 3d 534, 537 (Cal. Ct. App. 2010) ("Even a single claim that does not predominate, but for which there is potential coverage, will trigger the insurer's duty to defend."). However, because the landscaping that SLT alleges caused its damages was entirely intentional, the district court correctly held that Burlington had no duty to defend Henstooth.

Henstooth's argument, that "the damage was unintentional" even if the actions it allegedly took were intentional, is unavailing. As California courts have repeatedly held, "where the insured intended all of the acts that resulted in the victim's injury, the event may not be deemed an 'accident' merely because the insured did not intend to cause injury." *Merced Mut. Ins. Co. v. Mendez*, 261 Cal. Rptr. 273, 279 (Cal. Ct. App. 1989); *see also State Farm Gen. Ins. Co. v. Frake*, 128 Cal. Rptr. 3d 301, 312 (Cal. Ct. App. 2011) ("[T]he term 'accident' does not apply where an intentional act resulted in unintended harm."). The California Supreme Court's recent decision in *Liberty Surplus Insurance Corp. v. Ledesma & Meyer Construction Co.* is consistent with this rule. 418 P.3d 400, 406 (Cal. 2018) (reaffirming *Merced's* holding that there is no accident where an insured "intended the acts that caused the injury, but not the injury"). Because SLT's suit does not concern accidental conduct under this state-law standard, Burlington had no duty to defend Henstooth from it.

**AFFIRMED.**